NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAUL MAGANA MANZO, AKA Pule
Moniker,

              Petitioner,

  v.

ROBERT M. WILKINSON, Acting
Attorney General,

              Respondent.

No.   16-71384

Agency No. A095-660-869

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Raul Magana Manzo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for deferral of removal

under the Convention Against Torture ("CAT"). Our jurisdiction is governed by

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020) ("[8 U.S.C.] §§ 1252 (a)(2)(C) and (D) do not preclude judicial review of a noncitizen's factual challenges to a CAT order."). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

In his opening brief, Magana Manzo does not contend that the BIA erred in finding he waived any challenge to the IJ's determinations as to his removability, or that his conviction under Cal. Health & Safety Code § 11351(a) rendered him ineligible for cancellation of removal, asylum, and withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in his opening brief).

Substantial evidence supports the BIA's denial of deferral of removal under CAT because Magana Manzo failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief).

To the extent Magana Manzo contends the IJ applied an incorrect legal standard in the analysis of acquiescence under CAT, we lack jurisdiction to

consider the contention. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (concluding the court lacks jurisdiction to review claims not presented to the agency). We reject as unsupported by the record Magana Manzo's additional contentions that the agency misapplied the law or otherwise erred in its analysis of his deferral of removal under CAT claim.

Magana Manzo's contention that the agency did not consider evidence fails. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[BIA] does not have to write an exegesis on every contention") (citation and internal quotation marks omitted); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (concluding petitioner did not overcome the presumption that the BIA reviewed the record).

As stated in the court's August 3, 2016 order, the stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**